**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID No. | 1401013599 |
| | ) | | |
| EDGAR SANCHEZ, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

1.  On this 17th day of January, 2024, upon consideration of Defendant Edgar Sanchez's ("Defendant") *pro se* Motion for Sentence Reduction (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On August 25, 2014, Defendant pled guilty to Home Invasion and Possession of a Firearm During the Commission of a Felony ("PFDCF").[2]  On December 5, 2014, the Court sentenced him to: (1) Home Invasion, sixteen years of Level V supervision, suspended after six years for six months of Level IV supervision (Work Release), followed by two years of Level III supervision, and (2) PFDCF, three years of Level V supervision.[3]  On February 20, 2015, the Court

---

[1] D.I. 36.  Defendant's Motion was sent to this Court as a letter.  This Court interprets the contents of that letter as a motion for sentence reduction.  Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to reduce the duration of his sentence.
[2] D.I. 13.
[3] D.I. 15.

modified the Level IV portion of his sentence from Work Release to the Delaware Department of Correction ("DOC") Discretion.[4]

3. On November 29, 2021, the DOC stated that Defendant had violated probation by testing positive for controlled substances on November 28, 2021, and failing to comply with residential treatment program rules and regulations.[5] On December 9, 2021, the Court sentenced him to ten years of Level V supervision, suspended after nine days for two years of Level III supervision (Treatment Access Center).[6]

4. On August 7, 2023, the DOC stated that Defendant had violated probation by committing a speeding offense, failing to report the offense to his probation officer, leaving the state without permission, testing positive for controlled substances eight times between March 18, 2022, and July 24, 2023, and failing to complete his substance abuse treatment program.[7] On August 9, 2023, the Court sentenced him to ten years of Level V supervision, suspended after one year or successful completion of a Level V substance abuse treatment program, followed by six months of Level III supervision.[8]

---

[4] D.I. 18. The overall timeline of his sentence remained the same. *Id.*
[5] D.I.s 19, 24.
[6] D.I. 23.
[7] D.I. 33.
[8] D.I. 34.

5. On October 15, 2023, the Court received this Motion, in which Defendant asks the Court to reduce the sentence that was imposed on him on July 24, 2023.[9] Defendant states that the start to his substance abuse treatment program has been delayed and that the Court's sentence is unduly burdensome. He states that he wishes to return home to be with his family, work, and pay off his credit card debt.[10]

6. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[11] If a defendant's motion for sentence reduction satisfies these procedural requirements, the Court has "broad discretion to decide if it should alter its judgment."[12]

7. Defendant's Motion was made less than ninety days after he was sentenced and is his first motion to reduce that sentence, so it is timely and non-repetitive. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[13]

---

[9] D.I. 36. The Motion is undated.

[10] *Id.* On October 10, 2023, the Court received a letter from Defendant, in which he asked for leniency. D.I. 35. On October 25, 2023, the Court received a letter from Defendant's fiancée, in which she requested that Defendant be permitted to return home sooner. D.I. 37.

[11] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).

[12] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).

[13] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).

8. After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence reduction or modification.[14] Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Edgar Sanchez (SBI #00465197)

---

[14] Further, the DOC stated in correspondence to this Court that Defendant began a substance abuse treatment program on October 24, 2023. Hence, the issue that Defendant raised about the program's delayed start has resolved.

4